**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

*ELECTRONICALLY FILED*

| | |
|---|---|
| BOBBY BOROWSKI and STEPHANIE BOROWSKI    )<br><br>)<br><br>)<br>Plaintiffs,    )<br><br>)<br>v.    )<br><br>)<br>CSX TRANSPORTATION, INC.    )<br><br>)<br>Defendant.    )<br><br>)<br><br>)<br>_____    ) | Case No. <u>1:20-cv-166-GNS</u><br><br>Removed from Warren Circuit Court<br>Civil Action No. 20-CI-01011 |

## ANSWER TO COMPLAINT

Comes the Defendant, CSX Transportation, Inc. ("CSXT"), by counsel, and for its Answer to Plaintiffs' Complaint states and provides as follows:

CSXT denies each and every allegation set forth in Plaintiffs' Complaint not specifically admitted herein.

1.     CSXT is without knowledge or information as of the filing of its Answer to Plaintiffs' Complaint as to the residence of the Plaintiffs and, therefore, cannot admit or deny these allegations as stated.

2.     CSXT admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.     There is no numbered Paragraph 3 of Plaintiffs' Complaint

4.     CSXT admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.     CSXT admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.      With regard to the allegations contained in Paragraph 6 of Plaintiffs' Complaint, CSXT states that KRS 413.140 speaks for itself and requires no admittance or denial herein.  The application of the facts in this case to that statute will be determined by this Court as a matter of law.

7.      With regard to the allegations contained in Paragraph 7 of Plaintiffs' Complaint, CSXT states that venue is proper in the United States District Court for the Western District of Kentucky insomuch as diversity jurisdiction exists and the amount in controversy is believed to be in excess of the minimum jurisdictional amount of this Court.

8.      With regard to the allegations contained in Paragraph 8 of Plaintiffs' Complaint, CSXT admits that Plaintiff Bobby Borowski operated a motor vehicle that drove onto the at-grade railroad crossing at Tobacco Road toward Louisville Road in Bowling Green, Kentucky on or about September 10, 2019.

9.      CSXT denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.     CSXT denies the allegations contained in Paragraphs 10, 11, 12, 13, 14 and 15 (including subparts A. through C.)

11.     With regard to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, CSXT is without knowledge or information sufficient to form a belief as to the scope and breadth of Plaintiffs' injuries other than to state that Plaintiffs allege that said injuries are severe and Plaintiffs' damages sufficient to satisfy the jurisdictional limits of this Court.  CSXT denies so much of the allegations contained in Paragraph 16 regarding the scope and breadth of Plaintiffs' claimed injuries and whether said injuries were caused by any act or failure to act by CSXT and/or its agents.

12.     With regard to the allegations contained in Paragraph 17, 18, 19 and 20 of Plaintiffs' Complaint, CSXT is without knowledge or information to form a belief as to the truth of said allegations and, therefore, must deny these allegations as stated.  CSXT further states that it denies so much of the allegations in Paragraph 17, 18, 19 and 20 which purport to establish that said damages were caused as a result of the negligence of CSXT.

## AFFIRMATIVE DEFENSES

13.     CSXT affirmatively states and alleges that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

14.     CSXT affirmatively states and alleges that Plaintiffs' recovery may be barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

15.     CSXT affirmatively states and alleges that Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of waiver, unclean hands or estoppel.

16.     CSXT affirmatively states and alleges that Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

17.     Defendant affirmatively states and alleges that Plaintiffs' claims may be barred, in whole, or in part, by federal preemption and/or preclusion or judicial estoppel.

18.     CSXT affirmatively states and alleges that the Plaintiffs' losses and damages, if any, may have been directly caused and/or contributed by Plaintiffs' own actions but for which said losses and damages, if any, would not have occurred.

19.     CSXT hereby reserves the right to amend the Answer to Plaintiffs' Complaint if so warranted and plead any and all affirmative and/or equitable defenses for which discovery may provide a good faith basis.

WHEREFORE, Defendant, CSX Transportation, Inc. requests judgment as follows:

1.      Dismissing Plaintiffs' Complaint with prejudice;

2.      For Defendant's costs, expenses and attorney's fees herein expended;

3.      Trial by jury; and

4.      All other legal and equitable relief to which Defendant may appear entitled.

BOEHL STOPHER & GRAVES, LLP


*/s/ Rod D. Payne*_____
Rod D. Payne
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone:  (502) 589-5980
Fax:  (502) 561-9400
rdpayne@bsg-law.com
**Counsel for Defendant**


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of September, 2020, I electronically filed the foregoing with the clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following CM/ECF participant and further certify that a copy was mailed and/or emailed to:

Norman E. Harned
KERRICK BACHERT PSC
1025 State Street
Bowling Green, KY  42101
nharned@kerricklaw.com
**Counsel for Plaintiff**


*/s/ Rod D. Payne*_____
**Counsel for Defendant**


2512898.1